NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

TERRY L. COX, *Petitioner Employee*,

v.

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

SUNTERRA BUILDERS LLC, *Respondent Employer*,

EMC INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 18-0038
FILED 1-29-2019

---

Special Action - Industrial Commission
ICA Claim No. 20163-280220
Carrier Claim No. Z10274699
The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Greenberg Law Center, LLC, Phoenix
By Justin A. Greenberg
*Counsel for Petitioner*

Industrial Commissioner of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Jardine Baker Hickman & Houston, PLLC, Phoenix
By Terrence Kurth
*Counsel for Respondent Employer, Respondent Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W E I N Z W E I G**, Judge:

¶1 This is a special action review of an Industrial Commission of Arizona ("ICA") decision that denied Terry L. Cox additional workers' compensation benefits, finding his industrial injury had become stationary with no permanent impairment or need for supportive care. Cox argues the administrative law judge ("ALJ") erred by relying on an invalid expert medical opinion. Because he has shown no reversible error, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Cox worked as a carpenter for Sunterra Builders, LLC. He slipped and fell down an embankment while building a deck in November 2016, injuring his lower back, right knee and right elbow. He filed a worker's compensation claim, which the insurance carrier accepted.

¶3 Cox visited Dr. Eric Novack, an orthopedic surgeon, within three weeks of the accident. Dr. Novack recommended MRIs of the lower back and right knee, and later the right elbow. The MRIs indicated a mild herniated disc in the back and a partial tear in the elbow, but no clear structural abnormality in the knee. Dr. Novack treated the knee and elbow injuries, but referred Cox to Dr. Jonathan Landsman, a spine surgeon, because he did "not do a lot of treatment of" acute back issues. Drs. Novack and Landsman both recommended physical therapy.

¶4 Cox continued to complain of knee and elbow pain. Dr. Novack ultimately performed arthroscopic surgery on the knee, which improved Cox's motion but did not eliminate the pain. Surgery was never recommended for the back or elbow. In July 2017, Dr. Novack determined that physical therapy was no longer needed for the elbow or knee. Dr. Novack's records from July 2017 indicate that Cox's knee "symptoms continue to be difficult to explain based on objective findings," and his elbow symptoms were "vague" and "difficult to explain." Dr. Novack testified he wanted to see Cox again to determine if his elbow and knee were stationary. Meanwhile, Dr. Landsman continued to recommend

physical therapy in July 2017, when he last examined Cox's lower back, and indicated Cox was not in acute distress. Dr. Landsman felt that Cox could return to work with various restrictions, including no carrying, lifting or crawling.

¶5        Cox received an independent medical examination on July 19, 2017 from Dr. Amit Sahasrabudhe, a board-certified orthopedic surgeon with more than 10 years of experience and specialized training in sports medicine. Dr. Sahasrabudhe performed a physical examination of Cox and reviewed all medical records associated with his injury claim, including hospital, physician and diagnostic testing records. His ten-page report concluded that Cox's physical condition was stationary without permanent impairment or need for supportive care. He noted the absence of any objective findings. The insurance carrier closed Cox's claim effective July 19, 2017.

¶6        Cox protested the termination of his benefits and requested a hearing. The ALJ heard testimony over four days from Dr. Sahasrabudhe, Dr. Novack, Dr. Landsman and Cox. The ALJ considered and resolved the conflicts in medical testimony in favor of Dr. Sahasrabudhe, finding his opinion was "more probably correct and well founded." The ALJ concluded that Cox's "industrial injury was medically stationary as of July 19, 2017 with no permanent impairment and no need for supportive care." Cox requested review and the ALJ affirmed its findings and award. This timely special action followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶7        Cox argues the ALJ's findings and award are incorrect because they are based on the expert opinion of Dr. Sahasrabudhe, which Cox claims is not based on an accurate factual foundation or findings of medical fact. Cox only contests the ALJ's finding and expert medical opinion associated with his back injury, not his elbow or knee injuries. Cox has shown no error.

¶8        We defer to the ALJ's factual determinations, *Brown v. Indus. Comm'n*, 199 Ariz. 521, 523, ¶ 10 (App. 2001), and view the evidence in the light most favorable to upholding the award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). "We will not set aside an award unless it cannot be supported by any reasonable theory of the evidence." *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 315, ¶ 9 (App. 2006).

¶9        To support an award of worker's compensation benefits, a medical opinion must rely on findings of medical facts gleaned from medical records, medical histories, diagnostic tests and physical examinations. *Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973). The ALJ has the exclusive duty of resolving conflicts in expert medical testimony. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000).

¶10       Cox first challenges Dr. Sahasrabudhe's experience and credentials to render a medical opinion about his back injury. He argues that Dr. Sahasrabudhe is not a "back specialist," claiming that even Dr. Sahasrabudhe testified that back specialists should determine whether patients are stationary or require active treatment. We reject the challenge. Dr. Sahasrabudhe is an experienced orthopedic surgeon who has performed back surgery and treated many patients with lower-back pain. Dr. Sahasrabudhe never testified he would send Cox to a back specialist to determine whether his condition was stationary, but instead agreed it "makes sense" to see a back specialist if a patient has "MRI findings of disc herniations" and "verifiable radicular complaints," which Dr. Sahasrabudhe did not find here.

¶11       Cox next contends Dr. Sahasrabudhe's opinion must be disregarded because it is premised on the false assumption that Cox's herniated disc lacked nerve root impingement, making it a simple sprain. Cox insists that a "plain reading" of the MRI contradicts this assumption because the MRI findings mention "lateral recess stenosis" and it is "common medical knowledge" that this condition indicates the impingement of a spinal root nerve.

¶12       Dr. Sahasrabudhe's opinion is supported by sufficient medical findings and accurate facts. To begin, Dr. Sahasrabudhe conducted a physical examination of Cox and reviewed all relevant medical records, including hospital, physician and diagnostic testing records. He also reviewed and considered Cox's medical history. Based on that universe of information, Dr. Sahasrabudhe determined that Cox had "mild degenerative changes" and a herniated disc that might cause stenosis to the left lateral recess, but he found no "nerve root impingement." Dr. Landsman likewise testified that extruded discs "potentially" could settle on the nerve and cause pressure and pain. Cox has not shown it was "wholly unreasonable" for the ALJ to rely on Dr. Sahasrabudhe's opinion. *Gamez*, 213 Ariz. at 316, ¶ 15.

¶13        Finally, Cox insists Dr. Sahasrabudhe incorrectly said Cox did not have any radicular complaints, one of the bases for the doctor's conclusion that Cox suffered no more than a back strain.  Cox points to documents that he believes support his allegations of radicular symptoms, including numbness and pain just above his buttocks that radiated down his left leg and into his toes.  But the medical records are inconsistent.  For instance, the medical records from November 2016 and May 2017 show that Cox denied "radicular leg pain" and had "[n]o radicular symptoms." Moreover, Dr. Sahasrabudhe considered the very symptoms raised by Cox in forming his medical opinion, and concluded the subjective complaints were not (1) radicular symptoms, (2) anatomically related to the disc herniation or (3) objectively verifiable.  At bottom, the ALJ heard and resolved conflicting medical evidence and opinions and found that Dr. Sahasrabudhe's was "more probably correct."  Cox has not shown the ALJ's finding was unfounded.  *Id.*

¶14        In sum, the ALJ outlined the evidence presented, recounted the qualifications of each medical expert and accepted the opinions she found most credible.  Because the ALJ has discretion to resolve any conflicts in evidence and her findings are supported by reasonable and substantial evidence, Cox has not shown the ALJ's decision was unreasonable.  *See Hopper v. Indus. Comm'n*, 27 Ariz. App. 732, 735 (1976).

**CONCLUSION**

¶15        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA